HAMBRIGHT *v.* THE CLEVELAND NATIONAL BANK.

NATIONAL BANKS. *Usury.* A bill to recover usury cannot be maintained against a National Bank. It is not subject to the laws of the State upon that subject, except so far as Congress may see proper to permit.

FROM BRADLEY.

Appeal from the Chancery Court at Cleveland. W. M. BRADFORD, Ch.

J. N. AIKEN for complainant.

P. B. MAYFIELD for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to recover usury alleged to have been paid within the last six years. A demurrer was filed, on the ground that the party could only sue for and recover under the 34th section of the National Banking Act as therein provided, and that National Banks were not subject to the regulations of the State on this subject. The Chancellor overruled the demurrer on these points, but sustained it on another, to-wit: that the defendant could not be called on to make a discovery that would expose it to penalties for violations of law. Both parties appealed.

We have heretofore held as ruled by the Chancellor on the first question and our court has taken jurisdiction of such question. See case of *Steadman et als.* v. *Redfield & Co.*, September Term, 1874. The

case of *Farmers and Mechanics Bank* v. *Dearing,* 1 Otto, 91, U. S. R., had not then been decided. This case distinctly holds the contrary doctrine to that laid down by this court. The syllabus of that case is .as follows: " The provisions of the National Banking Act imposing penalties upon National Banks for taking usury, supersedes the State laws on that subject. That National Banks organized under the act are instruments designated to be used to aid the Government in the administration of an important branch of the public service; and Congress, which is the sole judge of the necessity for their creation, having brought them into existence, the States can exercise no control over them, nor in anywise affect their operation, except in so far as it may see proper to permit."

This being a federal question over which the Supreme Court of the United States has jurisdiction, we are compelled to yield to the authority of that court, and do so—notwithstanding our previous holding to the contrary.

The result is, that the decree of the Chancellor is reversed, the demurrer sustained on the ground stated, and bill dismissed at the cost of complainant, in this court and court below.